IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Lee Walker, Jr., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Chief, York County Detention Center, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 5:23-cv-3455-BHH<br><br>**ORDER** |

Johnny Lee Walker, Jr. ("Walker" or "Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On August 8, 2023, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Walkers' § 2241 petition without prejudice and without requiring Respondent to file a return. Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on August 21, 2023, and the matter is ripe for review.

## BACKGROUND

In his § 2241 petition, Walker claims that he has been detained for one year on trafficking, possession with intent to distribute, and weapon charges, and that he has not received bond or a bond reduction and has only met with his attorney one time. In connection with his claims, he seeks reasonable bond and representation with a lawyer who takes his case seriously. (ECF No. 1 at 7.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

In her Report, the Magistrate Judge determined that Walker's § 2241 petition is subject to dismissal on abstention grounds. Specifically, the Magistrate Judge explained that, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary circumstances." *See Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Magistrate Judge further explained that the Fourth Circuit has set forth the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, the Magistrate Judge ultimately found absention appropriate because (1)

2

Petitioner is detained pending disposition of state criminal charges; (2) the state's interest in administering its criminal justice system free from federal interference is "one of the most powerful of the considerations that should influence a court considering equitable types of relief"; and (3) Petitioner can pursuant his bond reduction and his concerns about his attorney's representation during the disposition of his criminal charges. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

In his objections to the Magistrate Judge's Report, Petitioner objects to the Magistrate Judge's finding that abstention is appropriate pursuant to *Younger*. Specifically, Petitioner asserts that his criminal charges "cannot be said to be ongoing," asserting that he has received no orders continuing his case and has been to no hearings. Petitioner also asserts that the second part of the *Younger* test is not met because others similarly situated to him have already had their cases resolved. (ECF No. 19 at 1.) In addition, Petitioner asserts that his appointed counsel is failing to observe standards of reasonableness, and Petitioner avers that exceptional circumstances warrant federal intervention into the matter.

After review, the Court finds Petitioner's objections unavailing, and the Court finds not basis to interfere with Petitioner's state criminal proceedings at this time. First, as the Magistrate Judge explained, and despite Petitioner's assertion to the contrary, the state criminal proceedings remain ongoing. Second, the state's interest in administering its criminal justice system free from this Court's involvement clearly implicates an important state interest. Third, as the Magistrate Judge correctly explained, Petitioner can pursue his claims in state court both during and after trial, and Petitioner has not shown that he has no adequate remedy at law or that he will suffer irreparable injury absent this Court's intervention. Lastly, despite Petitioner's conclusory assertion to the contrary, the Court

3

does not find that this case involves extraordinary circumstances that warrant this Court's intervention. Accordingly, the Court agrees with the Magistrate Judge that this case meets all criteria for abstention. *Martin Marietta Corp.*, 38 F.3d at 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

## CONCLUSION

For the reasons stated above and set forth by the Magistrate Judge, the Court overrules Petitioner's objections (ECF No. 19) and adopts and incorporates the Magistrate Judge's Report (ECF No. 16). Accordingly, it is **ORDERED** that Petitioner's § 2241 petition is **dismissed without prejudice and without requiring Respondent to file a return**.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 16, 2023
Greenville, South Carolina

\*\*\*\*\*

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that

Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.